The judgment .of the court was pronounced by
Rost, J.
This suit is brought by the curator of the estate of Samuel Dalton against the defendants, on two promissory notes. The claim was admitted, and judgment rendered, subject to a deduction of $150 plead in compensation, and a further sum of $359 36 allowed as a credit on the judgment.
The defendants have appealed, and claim that a further sum of one thousand dollars should be allowed in compensation, being the amount of the principal and interest of a promissory note drawn by George W. Callette, and endorsed by John G. Carney and Daniel Sullivan which note was the property of Daniel Sullivan, one of the defendants, was sued upon for the use and benefit of Samuel Dalton, and the amount of the same was to be credited on the notes for which the plaintiff brings suit. They allege that the note was good at the time against John G. Carney, the endorser, for the full amount and interest.
It is neither alleged nor proved that the proceeds of this note ever came into the hands of Samuel Dalton or his curator. It belonged to Daniel Sullivan, as is proved by the record of a suit of Lewis Sturges, against him and G. W. Callette. He paid it under executions in that suit, and instituted suit *178 .upon it against John G. Carney, the endorser immediately preceding him, for the use of Dalton’s estate. But, defence being made that the note was compensated by claims of Collette the drawer, against him, he dissmissed the suit and gave up the note to Carney, the defendant. The claim cannot be allowed in compensation of plaintiff’s demand. However, as he asks it, the court reserves to him the right, if any he has, to establish his claim in a separate and substantive demand. By an amended answer, the defendants alleged that they placed in the hands of Samuel Dalton, on the 30th of January, 1843, for collection, a note of hand drawn by Mrs. Ann Brister in favor of Daniel Sullivan, and endorsed by him for $571 20, with 10 percent interest from the 1st day of January, 1842; the proceeds to be applied, according to a receipt given by Dalton, to the payment of certain claims in his hands for collection, against Daniel Sullivan, and any balance to be accounted for to him when collected. The defendants allege that Dalton never accounted for the note as he agreed to do ; that he treated it as his own ; sued upon it in the name of Sullivan, for the use of others, without his consent; obtained judgment against Mr.s. Brister; seized her negroes, of a value sufficient to satisfy’ the judgment, interest and costs ; permitted the slaves to be taken from the possession of the sheriff, and to be removed out of the State and thereby lost the whole amount of the debt, interest and costs. By such neglect and mismanagement, the defendants aver that the estate of Dalton has become liable to them for the whole amount of debt and interest due by Mrs. Brister, and plead it in compensation of the plaintiff’s demand.
Dalton received the note of Mrs. Brister from Sullivan, to satisfy claims of Joseph Lovell, John C. Morris and others against him. He might well sue in Sullivan’s name, for their use, as he did, without thereby making or treating the note due by Mrs. Brister as his own. The record shows that'he used due diligence as an attorney, in obtaining judgment and issuing execution. It appears, by the testimony of Lurty, the deputy sheriff, that Sullivan knew that the execution was in his hands, and took an active part in having it executed; lived in the neighbourhood of defendant; knew the parties, and acted as if the claim was his own. Lartigue, another deputy of the sheriff, proves that Mrs. Brister was the sister of Sullivan, and at his house when the slaves were seized.
The plaintiff's attorney ordered the writ to be returned; but we have no evidence that he released the seizure if made. He was of the opinion, as appears by the testimony of Lurty, that he could not seize the negroes, but only .the right, title, and interest of Mrs. Brister in them. They were inventoried as the-property of the estate of George Brister, and were in the possession of his son-in-law. We have no means of ascertaining that the plaintiff’s attorney gave an erroneous opinion or direction to the sheriff; but we are certain that his opinion and direction, right or wrong, ought not to prejudice the estate of Samuel Dalton; and therefore cannot allow this claim in compensation.
The plaintiff and appellant has asked an amendment of the judgment of the district court, by disallowing a credit of $359 36 allowed by the district court on his notes and mortgage. Whether this credit was properly or improperly allowed, the plaintiff assented to it by asking and obtaining a modification of the judgment based upon this credit, by reviving a judgment included in his notes and mortgage.
The judgment of the district court is affirmed, with costs in both courts.